IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED J. ROBBINS, JR. and<br>MARY ROBBINS,<br>　　　　　　　Plaintiffs<br><br>　　v.<br><br>UGI UTILITIES/CENTRAL PENN GAS,<br>　　　　　　　Defendant | No. 3:12cv626<br><br>(Judge Munley) |

## MEMORANDUM

Before the court for disposition is Defendant UGI Utilities/Central Penn Gas's motion to dismiss and to strike.  The matter has been fully briefed and is ripe for disposition.

**Background**

Defendant UGI Utilities/Central Penn Gas (hereinafter "defendant") is in the business of selling natural gas to the public. (Doc. 1, Compl. ¶ 2).  In furtherance of its business, defendant owns and operates underground gas storage fields in Tioga County, Pennsylvania.  One field is known in the industry as the "Tioga Field" and another is known as the "Meeker Field." (Id. ¶¶ 8-12).   The Tioga and Meeker Fields are either adjacent to or close to real property owned by Plaintiffs Fred J. Robbins, Sr. and Mary Robbins (hereinafter "plaintiffs").  Plaintiffs contend that defendant stores natural gas under plaintiffs' real property and under property adjacent to plaintiffs' property.  (Id. ¶¶ 13-16).

Pennsylvania law provides the right of eminent domain to Defendant UGI Utilities/Central Penn Gas to the extent that it is "empowered to

transport, sell or store, natural or manufactured gas, within [Pennsylvania]." 58 PA. CONS. STAT. ANN. § 3241. The law provides for "buffer zones" surrounding underground natural gas storage facilities. (Id. ¶¶ 17-18). The buffer zones of defendant's storage fields encompass all or part of plaintiffs' real property. (Id. ¶ 21). The defendants' underground storage facilities and associated buffer zones prevent the plaintiffs from entering into a commercially reasonable lease for the exploration of natural gas deposits located on or near plaintiffs' property or for carrying on gas storage operation in or near their property. (Id. ¶¶ 22- 23).

Plaintiffs further contend that the defendant's gas storage operations have resulted in serious chemical and heavy metal contamination, including contamination of plaintiffs' groundwater supply. (Id. ¶¶ 24-25).

Based upon these factual averments, plaintiffs filed a fifteen count complaint alleging: Count I-Trespass (Direct Storage); Count II-Trespass (Buffer Zone); Count III-Unjust Enrichment (Direct Storage); Count IV-Unjust Enrichment (Buffer Zone); Count V-Conversion(Direct Storage); Count VI-Conversion (Buffer Zone); Count VII-Chemical Trespass; Count VIII-Nuisance; Count IX-Negligence (Res Ipsa Loquitur); Count X-Negligence Per Se; Count XI-Strict Liability for Contamination; Count XII-Duty to Restore or Replace; Count XIII-Taking (Pennsylvania Constitution); Count XIV-Taking (United States Constitution); and Count XV-Denial of Right to Clean Air and Pure Water (Pennsylvania Constitution).

Defendant has filed a motion pursuant to Federal Rules of Civil

Procedure 12(b)(1),12(b)(6) and 12(f).  Defendant's motion seeks to dismissal of portions of the complaint and the striking of parts of the complaint.  This motion is ripe for disposition.

**Jurisdiction**

Because Count XIV of plaintiffs' complaint asserts a cause of action for a "taking" under the United States Constitution, the plaintiffs invoke this court's federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

As noted above, defendant bases its motion on several different rules of civil procedure.  We will address only the issues raised pursuant to Rule 12(b)(1) as we find it to be dispositive of the entire case.  Rule 12(b)(1) provides for dismissal of a case when the court lacks jurisdiction over the subject matter.  Defendant claims that plaintiffs' only federal cause of action is not ripe.  Ripeness affects justiciability; therefore, when a claim is unripe it should be dismissed pursuant to Rule 12(b)(1).  See Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993).

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. . . .  In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  In reviewing a factual attack, the court may

consider evidence outside the pleadings." Gould Elec., Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000) (internal citations and footnote omitted). Because the parties have not submitted evidence outside of the complaint, we will treat the defendant's motion as a facial attack and consider the complaint's allegations as true and in the light most favorable to the plaintiff.

**Discussion**

Plaintiffs assert this court's federal question jurisdiction. Defendant, however, points out that only one of plaintiffs' causes of action is based upon federal law, Count XIV-Taking (United States Constitution). Defendant argues that this claim should be dismissed because it is not ripe. Without this claim, no basis for federal district court jurisdiction exists, and the complaint should be dismissed for lack of subject matter jurisdiction. After a careful review, we agree with the defendant.

Under the Fifth Amendment to the United States Constitution, the government may not take private property for public use without paying just compensation to the property owners. U.S. CONST. amend. V.[1] This Amendment requires that when the government takes property for public use "a 'reasonable, certain and adequate provision for obtaining compensation' exist at the time of the taking." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 194

---

[1] The Fifth Amendment's protection applies to the states under the Fourteenth Amendment. Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 175 n.1 (1985).

(1985) (quoting <u>Reg'l Rail Reorganization Act Cases</u>, 419 U.S. 102, 124-25 (1974)).  If no such procedure exists, then an aggrieved property owner may file suit to recover under the Fifth Amendment.  Where, however, a State *does* have a procedure for awarding compensation for a taking, a plaintiff must first seek compensation through that State procedure prior to asserting a federal Constitutional claim.  <u>See</u> <u>id.</u>  "If the government has provided an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the Government for a taking." <u>Id.</u> at 194-95. (internal citation and quotation marks omitted).

  The United States Supreme Court explained this area of the law in <u>Williamson</u>, <u>supra</u>, where the owner of a tract of land sought to develop it as a residential subdivision.  <u>Id.</u> at 175.  He sued in the United States District Court claiming that the application of various zoning laws and regulations to his property by Williamson County, Tennessee, amounted to a Fifth Amendment "taking." <u>Id.</u>  The jury found in the property owner's favor and awarded him $350,000 as "just compensation" for the taking.  <u>Id.</u>  The district court granted a judgment notwithstanding the verdict, but the Sixth Circuit Court of Appeals reinstated the verdict.  <u>Id.</u>  The County appealed to the United States Supreme Court.  The Court granted certiorari "to address the question of whether Federal, State, and Local governments must pay money damages to a landowner whose property allegedly has been 'taken' temporarily by the application of government regulations."  <u>Id.</u> at 185.  The court, however, did not address this issue

because it found that the controversy was not yet ripe.  Id. at 186.

The Court found the matter was not ripe for two reasons.  First, the property owner had not sought variances that may have allowed him to develop the property as he sought.  Id. at 187-88.  Second, and more important for our analysis, the property owner had not sought "compensation through the procedures the State provided for doing so." Id. at 194.   The Court explained as follows: "If the government has provided an adequate process for obtaining compensation, and if resort to that process yields just compensation, then the property owner has no claim against the Government for a taking.  . . .  Similarly, if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Id. at 194-95 (internal citations, quotation marks and brackets omitted).  Under Tennessee eminent domain law, the owner could bring an inverse condemnation action to obtain just compensation.  Id. at 196.  The landowner had not availed himself of this procedure, therefore the taking claim was premature, or in other words, not ripe for disposition.  Id. at 197.  Thus, a claim of a Just Compensation Clause violation is not ripe and cannot be made until the property owner has unsuccessfully attempted to obtain just compensation through the procedures the State provides for obtaining such compensation.

Instantly, plaintiffs allege that the defendant acted according to the Pennsylvania Oil and Gas Act, 58 PENN. CONS. STAT. ANN. § 3201 *et seq.*

6

(Compl. ¶¶ 17-18).[2]  Pennsylvania has an Eminent Domain Code, providing for inverse condemnation procedures through which plaintiffs may seek just compensation.  Plaintiffs, however, have not sought relief against the defendant under the Pennsylvania Eminent Domain Code.  Thus, their federal "taking" cause of action is not yet ripe.

Plaintiffs argue that the claim is ripe because the Federal Energy Regulatory Agency (hereinafter "FERC") authorized the underground storage facilities to have a buffer zone and authorized the exercise of eminent domain for the buffer zones.  Plaintiffs make no claims about FERC in their complaint and only raises this issue in their brief.  Regardless, reliance on FERC to support federal jurisdiction in the instant case is futile.  If they seek to challenge a ruling by FERC, the proper procedure is to file an application for rehearing with the FERC or appeal to the appropriate Court of Appeals, rather than filing suit in District Court.

---

[2]Count 14 specifically alleges as follows:

> To the extent that the Defendant claims the right to store natural gas in or under the Plaintiffs' real property pursuant to the eminent domain provisions of the Pennsylvania Oil and Gas Act, 58 P.S. § [3241], or pursuant to any other law of this Commonwealth or any law of the United States, such claim would constitute a taking without compensation in violation of the Fifth Amendment of the United States Constitution in that the Defendant has not compensated the Plaintiffs for such appropriation."

(Compl. ¶ 53).

7

See  15 U.S.C. §§ 717r(a), 717 r(b); Steckman Ridge GP, LLC v. An Exclusive Natural Gas Storage Easement, Nos. 08-168, 08-169, 08-177, and 08-180, 2008 WL 4346405 *4 (W.D. Pa. Sept. 19, 2008).

Accordingly, based upon all of the above, we find that plaintiffs' "taking" claim is not ripe, and we do not have jurisdiction over plaintiffs' federal law cause of action.  Count XIV will thus be dismissed.  All the remaining claims in plaintiffs' complaint are based on Pennsylvania state law.  This court may decline to exercise supplemental jurisdiction over state law claims if we dismiss all claims over which we have original jurisdiction.  28 U.S.C. § 1367 (c)(3).  Where litigation is in its early stages and the complaint asserted federal question jurisdiction, the district court has "a powerful reason not to continue to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988).  Such is the situation here, and we will decline to exercise supplemental jurisdiction.   An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED J. ROBBINS, JR.** and **MARY ROBBINS,** | : : | No. 3:12cv626 |
| **Plaintiffs** | : : : | (Judge Munley) |
| v. | : : | |
| **UGI UTILITIES/CENTRAL PENN GAS,** **Defendant** | : : | |

## ORDER

**AND NOW**, to wit, this 24th day of September 2012, the defendant's motion to dismiss (Doc. 5) is **GRANTED** with respect to Count XIV as that claim is not ripe. We decline to exercise supplemental jurisdiction over the remaining state law claims; thus, this case is dismissed without prejudice. The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**